IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STATE FARM LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. CIV-23-548-D |
| JASON K. OBE; JUSTINA D. FAAPOULI; BRENDA ROBERTSON; KIMBERLY VARGAS; and STEPHEN ROBERTSON, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

Before the Court is Defendant Justina D. Faapouli's Motion for Default Judgment against Defendants Brenda Robertson, Stephen Robertson, and Kimberly Vargas [Doc. No. 31]. On May 14, 2024, the Court Clerk entered default against Defendants Brenda Robertson, Stephen Robertson, and Kimberly Vargas ("Default Defendants") [Doc. No. 30]. Default Defendants have not responded to the Motion. Although duly served with process, Default Defendants have failed to appear and answer or otherwise respond.

**BACKGROUND**

On June 22, 2023, Plaintiff State Farm Life Insurance Company ("Plaintiff") initiated this interpleader action regarding the distribution of proceeds from the life insurance policy of Jimmie Obe ("the Insured") [Doc. No. 1]. Plaintiff filed executed summons for each of the Defendants [Doc. Nos. 8-12]. On July 26, 2023, Defendant Justina D. Faapouli ("Faapouli") filed an Answer and Crossclaim [Doc. No. 7] against Default

Defendants seeking half of the life insurance proceeds.[1]

On November 13, 2023, the Court permitted Plaintiff to interplead the life insurance proceeds into the Court's registry [Doc. No. 16]. Plaintiff deposited $48,157.95 with the Court on December 1, 2023 [Doc. Nos. 17, 18].

On January 26, 2024, the Court directed Faapouli to mail her Answer and Crossclaim, along with a copy of the Court's Order [Doc. No. 19], to Defendants. In that Order, the Court set a deadline of March 11, 2024, to respond to Faapouli's crossclaim. Faapouli complied with the Court's Order and filed Affidavits of Service for each Crossclaim Defendant [Doc. Nos. 20, 23-25].

On April 30, 2024, the Court directed Faapouli to proceed with her crossclaim against Default Defendants or show cause for her inaction within 14 days [Doc. No. 26].

On May 13, 2024, Faapouli filed a Motion for Entry of Default against the Default Defendants [Doc. No. 27]. The Clerk of Court entered default against the Default Defendants on May 14, 2024 [Doc. No. 30]. Faapouli filed the present Motion for Default Judgment on June 7, 2024.

## STANDARD OF DECISION

The entry of default judgment is committed to the sound discretion of the Court. *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016). The Court may consider a variety of factors in the exercise of such discretion, including:

---

[1] Faapouli did not include Defendant Jason K. Obe in her crossclaim. It appears from the exhibits attached to Plaintiff's Complaint that the last change of beneficiary form that was accepted and processed by Plaintiff listed Faapouli and Jason K. Obe as 50/50 primary beneficiaries [Doc. Nos. 1-16, 1-17].

(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal citations omitted).[2]

Default judgments are generally disfavored in light of the policy that cases should be decided on their merits whenever reasonably possible. *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991). Nonetheless, default judgment is viewed as a reasonable remedy when the adversary process has been halted because of an essentially unresponsive party. *Id.*

## DISCUSSION

Rule 55 of the Federal Rules of Civil Procedure provides two distinct sequential steps when a defendant fails to answer or otherwise defend against an action: the entry of default and the entry of default judgment. *See* FED. R. CIV. P. 55(a), (b); *Guttman v. Silverberg*, 167 F. App'x 1, 2 n.1 (10th Cir. 2005) (unpublished) ("The entry of default and the entry of a judgment by default are two separate procedures."). Initially, a party must ask the Clerk of Court to enter default. FED. R. CIV. P. 55(a). Only after the Clerk has complied may a party seek default judgment. *Garrett v. Seymour*, 217 F. App'x 835, 838 (10th Cir. 2007) (unpublished) (finding that entry of default is a prerequisite for the entry of a default judgment under Rule 55(b)(1)). The procedural requirements for a grant of default judgment by the Court is that the application be accompanied by an affidavit in

---

[2] "Although the *Ehrenhaus* test was born from a decision to dismiss a case, it is equally applicable to motions for default judgment." *Tom v. S.B., Inc.*, 280 F.R.D. 603, 610 (D.N.M. 2012) (citing *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011)).

compliance with LCvR 55.1, which states "[n]o application for a default judgment shall be entertained absent an affidavit in compliance with the Servicemembers Civil Relief Act, [50 U.S.C. § 3931]." Here, the Default Defendants have failed to answer or plead, default was entered by the Clerk [Doc. No. 30], and Plaintiff has satisfied the Court's procedural requirements. *See* [Doc. No. 31, at 6-7].

Upon an entry of default, the Court takes all of the well-pleaded facts in a complaint as true. *See Tripodi v. Welch*, 810 F.3d 761, 765 (10th Cir. 2016) (noting that after default is entered, "a defendant admits to a complaint's well-pleaded facts and forfeits his or her ability to contest those facts."); *United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006) ("'The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'") (unpublished) (citation omitted).

The Court, however, need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages sought. Therefore, before granting a default judgment, the Court must first ascertain whether the uncontested facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *See, e.g., Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274–75 (D. Kan. 2016) ("'Even after default, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment since a party in default does not admit conclusions of law.' . . . Furthermore, a default judgment does not establish the amount of damages. . . . Plaintiff must establish that the amount requested is reasonable under the circumstances.") (internal citations omitted); *Gunawan v. Sake Sushi*

4

*Restaurant*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) ("[A] default does not establish conclusory allegations, nor does it excuse any defects in the plaintiff's pleading. Thus, with respect to liability, a defendant's default does no more than concede the complaint's factual allegations; it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action.").

"'If [a] defendant does not contest the amount prayed for in the complaint [by failing to answer] and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing.'" *Craighead*, 176 F. App'x at 925 (internal citation omitted); *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985) ("[A] court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation.").

Accepting the well-pled allegations in the Complaint, and in Faapouli's crossclaim, as true and for the reasons stated below the Court finds that the allegations support entry of a default judgment. The total amount paid into the registry of the Court is the maximum applicable limit of coverage under the insurance policy on the life of Jimmie Obe plus accrued interest. An interest rate of 4.5% per year is applied from the time of the insured's death on October 6, 2022 [Doc. 1-1] until the time that Plaintiff interpled the funds on December 1, 2023 [Doc. No. 17]. The total amount interpled by Plaintiff is $48,157.95. *Id.* Therefore, one half of the interpled funds – $24,078.97 – should be released to Defendant Faapouli. A hearing is not necessary before the Court can enter a default judgment because

the amount claimed is capable of mathematical calculation. *Venable v. Haislip*, 721 F. 2d 297, 300 (10th Cir. 1983). Defendant Jason K. Obe has not been determined to be in default, although to date he has not appeared in this action. Thus, the remainder of the interpled funds shall remain in the registry of the Court pending further proceedings.

### CONCLUSION

Accordingly, Defendant Faapouli's Motion for Default Judgment [Doc. No. 31] is **GRANTED** as set forth herein. A separate Default Judgment shall be issued accordingly.

The Court directs counsel for Defendant Faapouli to serve a copy of this Order and the Court's separate Default Judgment on Defendant Jason K. Obe by both U.S. Mail to his last known address and in a manner consistent with the requirements for service under FED. R. CIV. P. 4. The Court further directs counsel to file a Notice confirming compliance with these requirements.

**IT IS SO ORDERED** this 11th day of July, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge