IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STATE FARM LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-23-548-D |
| JASON K. OBE; JUSTINA D. FAAPOULI; BRENDA ROBERTSON; KIMBERLY VARGAS; and STEPHEN ROBERTSON, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant Jason K. Obe's Motion for Entry of Default Judgment Against Brenda Robertson, Stephen Robertson, and Kimberly Vargas [Doc. No. 46]. On May 11, 2026, the Clerk of Court filed an entry of default against Defendants Brenda Robertson, Stephen Robertson, and Kimberly Vargas (Default Defendants) [Doc. No. 45]. Default Defendants have not taken any action in this case, nor have they responded to the Clerk's entry of default or Defendant Obe's present motion for default judgment. Although duly served with process, Default Defendants have failed to appear and answer or otherwise respond to Defendant Obe's Answer and Crossclaim [Doc. No. 39].

## BACKGROUND

On June 22, 2023, Plaintiff State Farm Life Insurance Company initiated this interpleader action regarding the distribution of proceeds from the life insurance policy of Jimmie Obe (the Insured) [Doc. No. 1]. Plaintiff filed executed summons for each of the defendants [Doc. Nos. 8-12]. On July 26, 2023, Defendant Justina D. Faapouli filed an

1

Answer and Crossclaim [Doc. No. 7] against Default Defendants seeking half of the life insurance proceeds.

Defendant Faapouli did not include Defendant Obe in her crossclaim. It appears from the exhibits attached to Plaintiff's Complaint that the last change of beneficiary form that was accepted and processed by Plaintiff listed Defendant Faapouli and Defendant Obe as 50/50 primary beneficiaries [Doc. Nos. 1-16, 1-17].

On July 11, 2024, the Court entered default judgment in favor of Defendant Faapouli on her crossclaim in the amount of $24,078.97, plus accrued interest of $468.04, representing one-half of the life insurance proceeds. [Doc. Nos. 32, 33]. The Court then issued an Administrative Closing Order [Doc. No. 35], directing the Clerk of Court to hold the remaining $24,078.98, plus accrued and accruing interest, in accordance with The Guide to Judiciary Policy.

On January 9, 2026, Defendant Obe filed a Motion to Reopen Proceedings and for Final Determination and Distribution of Remaining Interplead Proceeds to Defendant Jason K. Obe [Doc. No. 37]. The Court granted Defendant Obe's motion and reopened this matter. On March 20, 2026, Defendant Obe filed an Answer and Crossclaim [Doc. No. 39], seeking the remaining one-half of the life insurance proceeds, plus accrued interest.

Default Defendants have not responded to Defendant Obe's crossclaim, the Clerk's entry of default, or Defendant Obe's motion for default judgment.

## STANDARD OF DECISION

The entry of default judgment is committed to the sound discretion of the Court. *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016). "Before entering default judgment,

2

district courts 'should ordinarily evaluate' the five '*Ehrenhaus* factors,'" which include:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Chavez-DeRemer v. Ascent Constr., Inc.*, 2025 WL 1638134, at *3 (10th Cir. June 10, 2025) (unpublished)[1]; *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal citations omitted). Default judgments are generally disfavored in light of the policy that cases should be decided on their merits whenever reasonably possible. *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991). Nonetheless, default judgment is viewed as a reasonable remedy when the adversary process has been halted because of an essentially unresponsive party. *Id.*

Upon entry of default, the Court takes all of the well-pleaded facts in a complaint as true. *See Tripodi*, 810 F.3d at 765 ("By his default, Mr. Welch relieved Mr. Tripodi from having to prove the complaint's factual allegations."); *United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006) (unpublished) (citation omitted) ("'The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'").

The Court, however, need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages sought. Therefore, before granting a default

---

[1] Unpublished opinions are cited pursuant to FED. R. APP. P. 32.1(a) and 10th Cir. R. 32.1(A).

judgment, the Court must first ascertain whether the uncontested facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law. *See, e.g., Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274–75 (D. Kan. 2016) (internal citations omitted) ("'Even after default, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment since a party in default does not admit conclusions of law.' . . . Furthermore, a default judgment does not establish the amount of damages. . . . Plaintiff must establish that the amount requested is reasonable under the circumstances.").

"'If [a] defendant does not contest the amount prayed for in the complaint [by failing to answer] and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing.'" *Craighead*, 176 F. App'x at 925 (citation omitted); *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985) ("[A] court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation.").

## DISCUSSION

Accepting as true the well-pled allegations in the Complaint [Doc. No. 1] and Defendant Obe's Crossclaim [Doc. No. 39], the Court finds that the entry of a default judgment is appropriate. Plaintiff initiated this interpleader action related to the proceeds from the life insurance policy on the life of Jimmie Obe. On December 1, 2023, Plaintiff interpled $48,157.95 into the Court's registry. [Doc. No. 17]. Thereafter, the Court entered

default judgment in the amount of $24,078.97, plus accrued interest, in favor of Defendant Faapouli. [Doc. Nos. 32, 33].

On March 20, 2026, Defendant Obe filed his Crossclaim [Doc. No. 39], claiming entitlement to the remaining one-half of life-insurance proceeds, plus accrued interest. Although being served with the Complaint, Defendant Faapouli's Crossclaim, and Defendant Obe's Crossclaim, Default Defendants have taken no action in this case. Upon review of Defendant Obe's motion for default judgment, the Court finds that Defendant Obe is entitled to the remaining one-half of life insurance proceeds, plus accrued interest. Because the amount claimed by Defendant Obe is easily calculated and a sum certain, the Court can enter default judgment as to the sum certain without a hearing. *See Venable v. Haislip*, 721 F. 2d 297, 300 (10th Cir. 1983).

For these reasons, Defendant Obe's Motion for Entry of Default Judgment Against Brenda Robertson, Stephen Robertson, and Kimberly Vargas [Doc. No. 46] is **GRANTED**.

**IT IS THEREFORE ORDERED** that the Clerk of Court is directed to remit the remaining life insurance proceeds in the amount of $24,078.98, plus any accrued interest thereon, to Defendant Jason K. Obe.

**IT IS SO ORDERED** this 16th day of June, 2026.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

5